**STATE of Vermont v. Bruce BUCKLEY**

[546 A.2d 798]

No. 86-263

April 20, 1988. Defendant appeals his conviction for operating a motor vehicle while under the influence of intoxicating liquor, in violation of 23 V.S.A. § 1201(a)(2). Defendant argues that the trial court erred in failing to supply the jury, during its deliberations, with an exhibit which had been introduced into evidence. We disagree and affirm.

In Vermont, "[w]hat papers should go to the jury is ordinarily and perhaps in all instances a matter of discretion in the trial judge . . . ." *Re Barney's Will*, 71 Vt. 217, 224, 44 A. 75, 76 (1899). Here, by oversight, one of the exhibits was not made available to the jury during its deliberations. It is not clear from the record whether the omission was the fault of the court or of counsel. In the usual course of events, the exhibit would have gone to the jury, absent a court ruling to the contrary. Had counsel taken pains to see to the disposition of the exhibit, there is no reason to believe the exhibit would have been withheld from the jury. Thus, counsel for defendant must bear some of the responsibility for the oversight.

Further, it has not been demonstrated that the defendant was in any way prejudiced by the absence of the exhibit in the jury room during the jury's deliberations. The exhibit had been introduced into evidence, the jury heard ample testimony relative to its significance, and the jury did not request that it be permitted to examine it further.

*Affirmed.*