Felipe **BONILLA–ROMERO,**
**Petitioner, Appellant,**

v.

**UNITED STATES of America,**
**Respondent, Appellee.**

**No. 90–2115.**

United States Court of Appeals,
First Circuit.

Heard March 4, 1991.

Decided May 17, 1991.

A.J. Amadeo Murga, Santurce, P.R., for petitioner, appellant.

Juan A. Pedrosa, Asst. U.S. Atty., with whom Charles E. Fitzwilliam, Executive Assistant U.S. Atty., was on brief, San Juan, P.R., for respondent, appellee.

Before TORRUELLA and SELYA, Circuit Judges, and BOYLE,* District Judge.

TORRUELLA, Circuit Judge.

Felipe Bonilla–Romero was indicted in February 1986 for narcotics violations under 21 U.S.C. § 841(a)(1) and for firearms violations under 18 U.S.C. §§ 922(h)(1) & 924(a).[1] Trial by jury was set for December 15, 1986. At that time, Bonilla–Romero, represented by counsel, stated to the court that he wished to waive his right to jury trial. Defense counsel indicated that Bonilla–Romero was also willing to agree to a stipulation setting forth the projected testimony of the government's witnesses. The district court assented to both. Bonilla–Romero was found guilty on all counts. Since that time, he has instituted a series of appeals ultimately resulting in the proceeding presently before us. A brief overview of relevant prior actions follows.

* Of the District of Rhode Island, sitting by designation.

1. Appellant was also charged with having violated 18 U.S.C. § 924(c); however, that count was later dropped.

2. Before trial, Bonilla–Romero moved the district court for suppression of the evidence. The district court denied the motion. Bonilla–Romero therefore sought a trial strategy which

On March 9, 1988, Bonilla–Romero filed a motion to vacate sentence under 28 U.S.C. § 2255. In so doing, he questioned, *inter alia,* (1) whether his agreement to stipulate to the government's evidence had been sufficiently knowing and voluntary, and (2) whether he had been ineffectively represented because defense counsel allowed him to so stipulate. The district court dismissed the motion without a hearing. Bonilla–Romero appealed to this court. Finding that the two issues enumerated above required further inquiry under our recent holding in *United States v. Lyons,* 898 F.2d 210 (1st Cir.1990), discussed *infra,* this court vacated the district court's judgment and remanded for further action.

On remand, per recommendation of this court, the district court conducted a hearing in which Bonilla–Romero was permitted to contest the two issues preserved. Rather than support his contention that the agreement to stipulate had been unknowing and involuntary, however, he stated to the court that he was following a carefully constructed trial strategy whereby he did not wish to challenge the government's evidence. Instead, he hoped to prevail on appeal on suppression of the evidence, a strategy which had worked for him in the local courts of Puerto Rico.[2] With said testimony in mind, the district court rendered its decision regarding the agreement to stipulate.

In its written opinion and order, the district court distinguished between stipulations in which the truth of the evidence is admitted and stipulations in which the evidence is admitted but determinations of veracity are left to the court. The district court determined that the full procedural protections embodied in *Lyons* are not required in the latter instance. Since Bonilla–Romero's agreement to stipulate fell

would permit him to preserve the issue for appeal. He settled on a trial strategy which had been successful in the local courts. He did not, however, have similar success in the federal courts as this court refused to overturn the district court's ruling. *See United States v. Bonilla Romero,* 836 F.2d 39 (1st Cir.1987), *cert. denied,* 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 33 (1988).

within the latter category, and since Bonilla–Romero made it clear on remand that he was following a set trial strategy, the district court found that the concerns voiced by this court in *Lyons* were sufficiently met at trial. We agree.

## LYONS

*Lyons* involved a criminal defendant who expressly waived his right to a jury trial and signed a stipulation of facts admitting the veracity thereof. At that time, the district judge questioned the defendant's understanding of the effects of the stipulation, specifically inquiring whether he understood that the court could decide the case and find him guilty of all charges based solely on the stipulations. Finding the defendant's responses satisfactory, the district court proceeded to resolve the case; the defendant was found guilty. The defendant then moved for a new trial, claiming that the inquiry conducted by the district court was inadequate and that "a full blown inquiry under Fed.R.Crim.P. 11(c)(3) was required as a matter of law to determine whether his waiver was voluntary and knowing because his trial by stipulation was equivalent to a guilty plea." *Lyons,* 898 F.2d at 214. The district court denied the motion, and the defendant appealed.

On appeal, this court adopted the position of the District of Columbia Circuit, found in *United States v. Strother,* 578 F.2d 397, 404 (D.C.Cir.1978), which declined to extend the full panoply of Rule 11 advices to trials by stipulation. We did, however, extend some kindred protections to stipulation cases. Our primary concern was that the district court satisfy itself that the defendant entered into the stipulations knowingly and voluntarily and with full understanding of the nature and scope of the stipulation. Toward that end, we concluded that the district court should "conduct[ ] a colloquy with the defendant sufficient to demonstrate that the defendant has executed the stipulation freely with knowledge of the consequences of what he is doing." *Id.* at 216. Finding the district court's colloquy satisfactory, we affirmed.

## DISCUSSION

We take this opportunity to refine our holding in *Lyons* regarding the extent of discussion required between the court and the defense when a defendant seeks to stipulate the evidence. This court has recognized that stipulations may embody a whole gamut of circumstances, anything from mere assent to a single fact to full acceptance of the truth of all facts sufficient for conviction. *Id.* at 214–15. Bonilla–Romero urges that all stipulations upon which a defendant could be found guilty should be treated alike and should at least be given the full protection of *Lyons,* if not Rule 11. We do not agree.

As we found it appropriate in *Lyons* to distinguish between plea agreements and stipulations for purposes of Rule 11 protection, we now find it appropriate to distinguish between stipulations which accept the truth of the evidence presented and stipulations which accept the proposed evidence but which leave determinations of veracity to the court. Provided all the elements necessary for conviction are present in stipulations admitting the truth of the evidence, the court must necessarily dispense a guilty verdict. Such a stipulation is tantamount to a guilty plea and therefore requires significant compliance with the safeguards embodied in Rule 11. *See id.* at 216 ("Of course, there is no harm in conducting a complete Rule 11 inquiry particularly when a trial stipulation contains all the facts necessary for a guilty finding. But that particular form of inquiry is not mandated so long as the trial judge conducts a colloquy with the defendant sufficient to demonstrate that the defendant has executed the stipulation freely with knowledge of the consequences of what he is doing."). Stipulations which do not admit the truth of the evidence (even if they do embody all the elements necessary for conviction) are merely stipulated *testimony* and thus allow for much greater flexibility by the trial court. Although they preclude the defendant from cross-examining witnesses, the court must still determine whether certain subjective elements of the offense were present, must

draw legal inferences, and must rule upon the credibility of the evidence. In so doing, the court may choose to disbelieve certain portions of the evidence, thereby finding that the elements of the offense have not been established. Stipulations of this type do not, therefore, necessarily lead to a finding of guilt and do not require an inquiry to the full extent of *Lyons*.

 Because stipulations that do not admit the truth of the evidence are less critical than those exemplified by *Lyons*, we find that the concerns expressed in *Lyons*—that the district court take "special pains to satisfy [it]self" that the stipulations were entered into knowingly and voluntarily, *id.* at 215—can be met in cases such as this without an extended direct colloquy. In these types of cases, the court may rely on other extrinsic factors to determine whether the defendant's decision to stipulate has been made knowingly and voluntarily. Specifically with regard to Bonilla–Romero, we find persuasive the fact that defense counsel clearly stated to the court, in the presence of the defendant and without objection by the defendant, that the decision to stipulate was part of the defendant's trial strategy under *United States v. Weber*, 668 F.2d 552 (1st Cir. 1981), whereby the defendant chose to waive trial by jury, stipulate the evidence and preserve a suppression of the evidence issue for appeal. In addition to statements by defense counsel, Bonilla–Romero was personally questioned regarding his decision to waive his right to a jury trial. His responses indicated that he was well-informed and was making the decision freely. We find that these two facts, when taken together, were sufficient under the circumstances of this case for the district court to have concluded that the defendant was equally versed on his rights regarding stipulation and that his decision to stipulate was undertaken willingly.

The statements provided by Bonilla–Romero on remand only strengthen this finding. While we recognize that the actual determination of knowledge and voluntariness should be made at trial and that we should not ordinarily rely upon ex post facto statements regarding such, the unique circumstances of this case—including the fact that *Lyons* was not decided until after the pre-trial colloquy with Bonilla–Romero took place—make it appropriate in this instance to examine after-the-fact statements.

### CONCLUSION

Having found sufficient surrounding evidence that Bonilla–Romero's decision to stipulate was knowing and voluntary, we therefore find it appropriate to affirm the determination below. Such being the case, Bonilla–Romero's charges of ineffective assistance of counsel also fail.

*Affirmed.*