Steven V. WILLIAMS, Appellant,

v.

UNITED STATES, Appellee.

No. 93–CF–434.

District of Columbia Court of Appeals.

Submitted April 4, 1995.

Decided April 10, 1995 *.

John T. Moran, Washington, DC, appointed by the court, was on the brief for appellant.

Eric H. Holder, Jr., United States Attorney, and Laura Leedy Gansler, Special Assistant United States Attorney, and John R. Fisher, Thomas C. Black, and Andrew S. Levetown, Assistant United States Attorneys, Washington, DC, were on the brief for appellee.

Before FERREN and STEADMAN, Associate Judges, and KERN, Senior Judge.

STEADMAN, Associate Judge:

Appellant was convicted of carrying a pistol without a license in violation of D.C.Code § 22–3204(a) (Supp.1994) and related offenses. On appeal, he makes two assertions of error.[1] We affirm.

## I.

■ With respect to appellant's claim on appeal that he did not knowingly and intelligently waive his right to be present at voir dire conferences conducted at the bench, the record establishes that appellant ultimately admitted that he had been advised of this right by trial counsel and had decided not to be present. While claiming that this was a "mistake," he did not thereafter assert that his waiver was not knowing or intentional or seek any form of relief with respect thereto. In such circumstances, the trial court did not commit reversible error in not pursuing the matter further. *See Woodward v. United States,* 626 A.2d 911, 914 (D.C.1993); *Welch v. United States,* 466 A.2d 829, 839 (D.C. 1983).[2]

* The decision in this case was originally released as a Memorandum Opinion and Judgment on April 10, 1995. It is now being published by direction of the court.

1. In his reply brief, appellant withdraw a third assignment of error relating to alleged deficiencies in the government's compliance with

D.C.Code § 23–111 relating to enhanced sentences.

2. Appellant invites us to "revisit if not overrule *Welch,*" an action which is precluded to this panel by *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C.1971). Appellant further argues that, in any event, the trial court had a duty to engage in a

## II.

■ Appellant challenges the trial court's denial of his motion for a new trial based on the failure to send into the jury room on the second day of deliberations certain photographs introduced into evidence by the government. "The decision whether to grant ... a motion [for a new trial] is committed to the sound discretion of the trial court and will be disturbed only for an abuse of that discretion." *Payne v. United States*, 516 A.2d 484, 500 (D.C.1986) (per curiam). Here, the trial court, who was of course present throughout the trial and thoroughly familiar with the proceedings, determined that the defendant had not been prejudiced by the absence of the three photographs, "which had been previously introduced into evidence, published to the jury, and sent to the jury room." [3]

We see no basis to upset this finding. *See Banks v. District of Columbia*, 551 A.2d 1304, 1306 (D.C.1988) ("It is the trial court which is in the best position to assess the potential for prejudice resulting from trial errors."); *see also United States v. Fulcher*, 200 U.S.App.D.C. 121, 125, 626 F.2d 985, 989 (affirming trial court determination that no reversible prejudice resulted when clerk delivered exhibits to jury room upon request from jurors without first consulting with the court or informing counsel or defendant), *cert. denied*, 449 U.S. 839, 101 S.Ct. 116, 66 L.Ed.2d 46 (1980). The photographs were evidence of the government, not of the defense; defense counsel had indeed objected to their introduction on the ground of irrelevancy; and the case against appellant, quite apart from the photographs, was strong.[4]

Indeed, there appears to be no requirement that the jury have all physical evidence in the jury room throughout its deliberations. *See* CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA, No. 2.73 (4th ed. 1993). Further, since the issue was prejudice, not the cause of the photographs' absence, the trial court did not err in ruling without a hearing. *See Wilson v. United States*, 380 A.2d 1001, 1004 (D.C.1977) ("Generally, the trial court may decide a motion for a new trial without a hearing." (citing *Poteat v. United States*, 363 A.2d 295, 297 (D.C.1976))). Accordingly, the judgment on appeal is

*Affirmed.*

---

*sua sponte* inquiry into the waiver of the right, analogizing to the asserted holding in *Boyd v. United States*, 586 A.2d 670 (D.C.1991). Our subsequent holding in *Woodward, supra*, 626 A.2d at 915, makes clear that appellant misreads *Boyd*.

3. The trial court here referred to the fact that when the jury originally retired late in the afternoon of the first day, the photographs were included in the exhibits sent into the jury room. It was the following day of deliberations when the jury did not have those photographs; it began deliberations at 9:30 a.m. and returned its verdict at 11:30 a.m. The photographs were entrusted to the care of the government overnight

and were lost in transit the following morning. The government notified defense counsel of the difficulty at 11 a.m., when duplicate photographs had been obtained. Appellant quite understandably takes the government to task for the delay in notifying either the court or defense counsel about the problem with the photographs.

4. Appellant's argument that the jury, by cryptically asking (within a longer note on various matters) for a "list of the evidences" and being instructed that it had all admissible evidence, might have been misled as to the status of the photographs in a manner that prejudiced appellant is no more than speculation.