Hillsborough-northern judicial district
No. 93-516

THE STATE OF NEW HAMPSHIRE

v.

ALEXANDER JAROMA

June 14, 1995

*Jeffrey R. Howard,* attorney general (*Patrick E. Donovan,* assistant attorney general, on the brief and orally), for the State.

*Brennan, Caron, Lenehan & Iacopino,* of Manchester (*Michael J. Iacopino* and *Timothy I. Robinson,* on the brief, and *Mr. Iacopino* orally), for the defendant.

THAYER, J. The defendant, Alexander Jaroma, appeals the order of the Superior Court (*Hampsey,* J.) denying his motion for a new trial brought pursuant to RSA 526:1 (1974). We affirm.

The Hillsborough County Grand Jury indicted the defendant in July 1984 on twenty-two counts of receiving stolen property. *See* RSA 637:7 (1986). Prior to trial, the defendant moved to suppress certain evidence. The trial court denied that motion. We affirmed the trial court's ruling upon interlocutory review. *See State v. Jaroma,* 128 N.H. 423, 514 A.2d 1274 (1986).

In preparation for trial, the State and defense counsel entered into a stipulation. The State agreed to substitute a single indictment for the twenty-two pending indictments and to *nol pros* the original twenty-two indictments; the defendant agreed to admit, for purposes of trial, that the property in question was property of another and valued at over $1000, which constituted two of the elements of the offense charged. The subsequent trial ended in a mistrial.

In October 1988, the defendant was convicted on a single count of receiving stolen property. During this second trial, the stipulation from the original trial was introduced. This court affirmed the conviction in *State v. Jaroma,* 137 N.H. 143, 625 A.2d 1049 (1993).

On May 12, 1993, the defendant filed a motion for a new trial pursuant to RSA 526:1, arguing that the trial court erred in failing to review with him the terms of the stipulation that admitted the truth of two of the seven elements of the charge against him. He contends that in not doing so the trial court failed to ensure that he knowingly and voluntarily waived certain of his constitutional rights. The superior court denied the motion and the defendant appeals.

RSA 526:1 provides that "[a] new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable."

> It is well settled that the questions involved in an application for a new trial are questions of fact entirely within the jurisdiction of the superior court. Accordingly, we will not overturn the trial court's determination of whether a new trial should be granted in a particular case unless there has been an abuse of discretion.

*Wright v. Clark Equipment Co.,* 125 N.H. 299, 303, 480 A.2d 146, 148 (1984) (quotation, citation and brackets omitted).

■ In this case, the facts and the law support the trial court's decision to accept the stipulation and not question the defendant; therefore, the trial court did not abuse its discretion in denying the defendant's motion for a new trial.

The defendant argues that his admissions regarding two elements of the charged crime constituted waivers of his right to confrontation, his right against self-incrimination, and his right to a jury trial. He contends, therefore, that the court was required by *Boykin v. Alabama,* 395 U.S. 238 (1969), to canvas the defendant to ensure that his waiver was entered into knowingly and voluntarily.

■ The defendant raises both federal and State constitutional arguments. The Federal Constitution offers no greater protection than our State Constitution with regard to the rights asserted by the defendant. *See, e.g., State v. Cook,* 135 N.H. 655, 661, 610 A.2d 800, 804 (1992) (right to confront witnesses); *State v. Briand,* 130 N.H. 650, 657, 547 A.2d 235, 240 (1988) (right against self-incrimination). Therefore, we will consider the defendant's claims under our State Constitution using federal case law only to aid in our analysis. *State v. Gravel,* 135 N.H. 172, 176, 601 A.2d 678, 680 (1991); *see Michigan v. Long,* 463 U.S. 1032, 1040–41 (1983).

■ We have recognized that a *Boykin* inquiry is required before a defendant can waive certain important constitutional guarantees, *State v. Hewitt,* 128 N.H. 557, 561, 517 A.2d 820, 823 (1986), including the rights implicated by a guilty plea. *See St. Pierre v. Vitek,* 114 N.H.

766, 769, 330 A.2d 117, 119 (1974). We have also recognized, however, that the trial court is not always required to conduct a colloquy whenever constitutional rights may be at issue. Under some circumstances, "defendants and their counsel must be left free to make their own strategic and tactical decisions, even when they thereby waive some opportunities to assert constitutional guarantees." *Hewitt,* 128 N.H. at 560, 517 A.2d at 822.

We have also recognized that "broad discretion is permitted trial counsel in determining trial strategy." *State v. Fennell,* 133 N.H. 402, 409, 578 A.2d 329, 333 (1990). Much of criminal trial practice involves deciding which issues to contest and which to concede. The trial court should not be interposed between attorney and client unless it appears that counsel is acting against the express wishes of the client. That is particularly true in a case such as this where the stipulation served a valuable strategic interest of the defendant. The stipulation removed a number of potentially damaging witnesses from the State's case and allowed the defendant to focus the trial on the issues he wished to contest.

■ The First Circuit Court of Appeals has held that stipulations that "do not . . . necessarily lead to a finding of guilt" do not require a full inquiry into the defendant's understanding of their effect. *Bonilla-Romero v. United States,* 933 F.2d 86, 89 (1st Cir. 1991). In reaching that ruling, the First Circuit recognized that "stipulations may embody a whole gamut of circumstances, anything from mere assent to a single fact to full acceptance of the truth of all facts sufficient for conviction." *Id.* at 88. The level of inquiry that a trial court must make varies depending on the stipulation presented. *See id.* In *Bonilla-Romero,* the defendant waived a jury trial and entered into a stipulation setting forth the anticipated testimony of all of the government's witnesses, *id.* at 87; that is far different from the facts in this case. In the instant case, the defendant was tried before a jury and stipulated to the truth of evidence sufficient to establish only two elements of the charged offense. To force the trial court to make an inquiry under these circumstances would needlessly interfere with the attorney-client relationship and with the administration of justice. *Cf. Hewitt,* 128 N.H. at 560, 517 A.2d at 822.

■ We hold that the New Hampshire Constitution does not require a colloquy prior to every trial stipulation. "Where the defendant does not object, counsel may, as a matter of trial tactics, waive [certain of the defendant's constitutional rights] by stipulating to the admission of evidence, so long as the stipulation is not tantamount to a guilty plea." *State v. Harper,* 655 P.2d 1199, 1200 (Wash. Ct. App. 1983); *cf. State v. Anaya,* 134 N.H. 346, 354, 592 A.2d

1142, 1147 (1991) (trial counsel's plea to jury to convict defendant of a lesser charge constitutes ineffective assistance of counsel in face of objection by defendant).

The defendant argues that because the jury was required to accept the stipulation to two of the elements of the charged offense as true, the stipulation was the functional equivalent of a guilty plea. We disagree. While it is true that the First Circuit distinguished between stipulations that accept the truth of evidence and stipulations that agree to the evidence to be presented, that distinction is simply one factor in determining when a stipulation will be deemed the functional equivalent of a guilty plea. *Bonilla-Romero,* 933 F.2d at 88 (where "all the elements necessary for conviction are present in stipulations admitting the truth of the evidence, . . . . [s]uch a stipulation is tantamount to a guilty plea."). The court also must consider whether the stipulation contains sufficient admissions to result in a conviction.

While in this case the defendant's stipulation was not simply factual because it did establish two of the seven elements of the crime, namely, that the property in question was the property of another and that the property was valued at over $1000, it did not contain "all the elements necessary for conviction," *id.,* and therefore was not the functional equivalent of a guilty plea. Had the State been unable to prove anything beyond those facts, the defendant would not have been guilty of a crime; therefore, the stipulation in this case was not the functional equivalent of a guilty plea. As a result, the trial court was not required to ensure the defendant's understanding of the stipulation or his acquiescence to its use. In a situation such as this, absent some affirmative act by the defendant, the trial court may rely on the representations made by defense counsel. *Cf. Anaya,* 134 N.H. at 353–54, 592 A.2d at 1146 (defendant's rejection of a plea bargain, his testimony regarding his innocence, and his request that counsel argue his innocence were the functional equivalent of continuing objection to defense counsel's strategy). The stipulation was properly admitted, and the trial court properly denied the defendant's motion for a new trial.

*Affirmed.*

All concurred.