Rockingham
Nos. 94-442
     96-006

## THE STATE OF NEW HAMPSHIRE

v.

## ISSAM GIBRAN RAYES

December 30, 1997

*Philip T. McLaughlin*, attorney general (*Mark S. Zuckerman*, senior assistant attorney general, on the brief and orally), for the State.

*John P. Newman*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Issam Gibran Rayes, having been certified to be tried as an adult, *see* RSA 169-B:24 (Supp. 1996), was found guilty after a jury trial in Superior Court (*Gray*, J.) of attempted murder and aggravated felonious sexual assault. *See* RSA 630:1-a, I(a) (1996); RSA 629:1 (1996); RSA 632-A:2, I(c) (1996). He appeals, arguing that the superior court erred in accepting the district court's certification. While this appeal was pending, the defendant was again certified to stand trial as an adult on additional charges based on the same incident. He waived his right to a jury trial and was convicted in Superior Court (*McHugh*, J.) of aggravated felonious sexual assault, felonious sexual assault, and robbery. *See* RSA 632-A:2, I(c); RSA 632-A:3 (1996) (amended 1997); RSA 636:1 (1996). He filed a second appeal, arguing that the trial court erred by refusing to dismiss the additional charges. We consolidated the two appeals. We affirm.

On October 18, 1993, the defendant grabbed the victim while she was walking her dog. He repeatedly raped and choked the victim and stabbed her in the neck multiple times using a broken bottle. During the assault, the defendant stole two rings from the victim's fingers. An eyewitness called the police after seeing the defendant drag the victim's body to an embankment, kick her several times, and then leave her there. The victim, who sustained multiple stab wounds and a skull fracture, received emergency surgery and survived.

The defendant was arrested and charged with attempted first degree murder and aggravated felonious sexual assault. At his

juvenile certification hearing in Portsmouth District Court (*DeVries*, J.), the defendant informed the court that he wished to waive the certification hearing. Defense counsel explained his belief that the defendant "appreciate[d] reality sufficiently and . . . ha[d] the ability to make these kinds of decisions." Defense counsel continued,

> I believe that he understands the process, but I also believe he has been trying to deal with the event itself and I think that he is trying to accept some measures of responsibility, understanding that an event did occur. . . . I think he's trying to demonstrate a measure of responsibility here as well as understanding what the process would . . . involve[] and the likelihood of certification if it went forward.

In addition, defense counsel assured the court that he had reviewed with the defendant his rights under RSA 169-B:24, the elements of the offenses with which he was charged, and the nature and possible result of a certification proceeding. In a colloquy with the court, the defendant indicated that he understood the State would have the burden of proving that he should be transferred to superior court, that counsel adequately explained his rights to him, and that he understood why he was giving up his right to an evidentiary hearing. The State then made an offer of proof as to the evidence it would have presented concerning the eight factors of certification under RSA 169-B:24. The district court transferred the case to Superior Court (*Coffey*, J.), which accepted the district court's certification.

The State subsequently charged the defendant with five new charges relating to the same incident. The superior court dismissed the new charges prior to trial because they had not been certified by the district court. After a jury trial in Superior Court (*Gray*, J.) in April 1994, the defendant was found guilty on the original charges of attempted murder and aggravated felonious sexual assault and sentenced to twenty-five to fifty years in the State Prison.

In June 1994, the State filed five new certification petitions based on the charges previously dismissed by the superior court, alleging two counts of aggravated felonious sexual assault, one count of felonious sexual assault, and two counts of robbery. After an evidentiary hearing in June 1995, the Portsmouth District Court (*DeVries*, J.) certified the defendant as an adult and transferred the case to superior court. The superior court accepted the district court's certification of the defendant. The defendant moved to dismiss the subsequent charges, which the Superior Court (*McHugh*, J.) denied in November 1995. In December 1995, the

State *nol prossed* one robbery indictment and one aggravated felonious sexual assault indictment. The defendant waived his right to a jury trial, pled not guilty to the remaining three indictments, and allowed the State to present its case by offer of proof. The Superior Court (*McHugh*, J.) found the defendant guilty on all three charges and sentenced him to ten to twenty years in the State Prison, to be served consecutively with his prior sentence.

The defendant first argues that his waiver of his initial certification hearing was not valid because the district court failed to ensure that it was knowing, intelligent, and voluntary as required by the fourteenth amendment to the United States Constitution and part I, article 15 of the State Constitution. Because the Federal Constitution offers no greater protection than our State Constitution with regard to the rights asserted by the defendant, *see State v. Laforest*, 140 N.H. 286, 289, 665 A.2d 1083, 1085-86 (1995); *cf. Fare v. Michael C.*, 442 U.S. 707, 725 (1979), we will consider the defendant's claims under our State Constitution using federal case law only to aid in our analysis. *See State v. Maya*, 126 N.H. 590, 594, 493 A.2d 1139, 1143 (1985); *State v. Ball*, 124 N.H. 226, 232-33, 471 A.2d 347, 351-52 (1983).

The defendant contends that the district court failed to inform him of his rights and protections as a juvenile and the consequences of adult criminal treatment as required by *State v. Benoit*, 126 N.H. 6, 18-19, 490 A.2d 295, 304 (1985). *Benoit* does not apply to this case, however. *Benoit* involved a defendant who waived his right against self-incrimination, not his right to a certification hearing. *Benoit*, 126 N.H. at 8-9, 490 A.2d at 297. Assuming, as the defendant argues, that *Benoit* applies generally to all constitutional rights under part I, article 15 of the New Hampshire Constitution, there is no constitutional right to a juvenile certification hearing and thus *Benoit* still would not apply. *See State v. Riccio*, 130 N.H. 376, 380, 540 A.2d 1239, 1242 (1988) (minor has no constitutional right to be tried as juvenile).

In addition, the defendant argues that even if he was not entitled to the juvenile protections established in *Benoit*, the district court was nevertheless required to canvas him to ensure that his waiver was entered into knowingly and voluntarily. *See Boykin v. Alabama*, 395 U.S. 238, 243-44 (1969); *State v. Jaroma*, 139 N.H. 611, 613, 660 A.2d 1131, 1132 (1995). Because the defendant did not waive a constitutional right, the district court was not required to conduct a colloquy with him. *See Boykin*, 395 U.S. at 243-44; *Jaroma*, 139 N.H. at 613, 660 A.2d at 1132. Indeed, even when a defendant waives an

important constitutional right, "the trial court is not always required to conduct a colloquy" to ensure that the waiver is knowing and voluntary unless the waiver is tantamount to a guilty plea. *Jaroma*, 139 N.H. at 614, 660 A.2d at 1132. The defendant's waiver of the certification hearing is not tantamount to a guilty plea, however, because the purpose of a certification hearing is investigatory, not adjudicatory. *See Riccio*, 130 N.H. at 380, 540 A.2d at 1241-42.

The defendant next contends that the superior court erred in failing to dismiss the three charges brought subsequent to his first trial. He argues that the prosecution abused its prosecutorial discretion by overcharging him and that the delay subjected him to harassment and unfair prejudice.

■ The State has broad discretion when charging a defendant with multiple offenses arising out of a single event. *See State v. Bergeron*, 115 N.H. 70, 72, 333 A.2d 721, 723 (1975). The trial court may, however, "curb the prosecution's broad discretion if overcharging poses dangers of confusion, harassment, or other unfair prejudice." *State v. MacLeod*, 141 N.H. 427, 434, 685 A.2d 473, 479 (1996) (quotations omitted).

■ To support his overcharging argument, the defendant argues that he would not have waived his certification hearing if he had known that additional charges would be brought. The defendant had no reason to assume that the State would not bring additional charges. Nothing in the record suggests that the defendant could have reasonably expected the State to relinquish any additional charges in exchange for the defendant waiving his initial certification hearing. *Cf. State v. Lordan*, 116 N.H. 479, 482, 363 A.2d 201, 203 (1976) (defendant may not escape prosecution for multiple charges arising from single incident by pleading guilty to one charge absent an express or reasonably implied agreement with prosecutor). Furthermore, the defendant's waiver of his first certification hearing did not affect his status on the subsequent charges because he received a separate certification hearing on those charges.

■ In addition, the defendant fails to provide support for his argument that the prosecution's delay in bringing the subsequent charges constituted harassment and unfair prejudice. The State's attempt to bring the additional charges at the beginning of the defendant's prosecution, and its consistent pursuit of those charges after they were dismissed, weakens the defendant's claim that the

State harassed him by waiting to bring the additional charges. Moreover, the defendant does not identify any unfair prejudice suffered as a result of any delay, *see State v. Bernaby*, 139 N.H. 420, 423, 653 A.2d 1124, 1126 (1995) (anxiety presumed to attend criminal charges insufficient to show unfair prejudice), and no prejudice is apparent given that the defendant waived a jury trial and permitted the State to proceed by offer of proof. *See id.* (no unfair prejudice where defendant lost no witnesses and witnesses' memories had not faded).

Thus, we agree with the superior court that the State did not abuse its prosecutorial discretion in bringing the subsequent charges.

*Affirmed.*

All concurred.