Hillsborough-southern judicial district
No. 98-615

### THE STATE OF NEW HAMPSHIRE

v.

### MICHAEL MONROE

February 7, 2001

*Philip T. McLaughlin*, attorney general (*N. William Delker*, assistant attorney general, on the brief and orally), for the State.

*Andrew R. Schulman*, Franklin Pierce Law Center Criminal Practice Clinic, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Michael Monroe, appeals an order of the Superior Court (*Hampsey*, J.) denying his motion for a new trial brought pursuant to RSA 526:1 (1997). We affirm.

The defendant was convicted of second degree murder on November 20, 1995. On direct appeal, he argued that the trial court erred by admitting his audio taped confessions into evidence because they were involuntary. During trial, the jury listened to tapes of the defendant's confessions and was also provided with transcripts of the tapes; the transcripts were never admitted into evidence. In its closing argument, the State urged the jurors "to listen to the tape recordings" when they deliberated. We affirmed his conviction in *State v. Monroe*, 142 N.H. 857 (1998), *cert. denied*, 525 U.S. 1073 (1999).

More than two years after his conviction, upon discovering that the jury had unlimited access to an audio tape player during deliberations and had replayed his confession numerous times, the defendant moved for a new trial. In his motion, and now on appeal, the defendant argues that the trial court abused its discretion because it gave the jury a tape player, *sua sponte*, without notifying counsel and without considering the prejudicial effect that this might have on the jury's deliberations.

The trial court ruled that the defendant's motion was untimely because he failed to object to the jury's use or consideration of the tapes at the time the tapes were admitted during trial. The trial court also ruled that even if there had been a timely objection, the jury could have reviewed the defendant's taped statements, like other admitted exhibits in the jury room, without restriction.

RSA 526:1 (1997) provides that "[a] new trial may be granted in any case when through accident, mistake or misfortune justice has not been done and a further hearing would be equitable." "It is well settled that the questions involved in an application for a new trial are questions of fact entirely within the jurisdiction of the superior court." *State v. Jaroma*, 139 N.H. 611, 613 (1995) (quotation omitted). We therefore "will not overturn the trial court's determination of whether a new trial should be granted in a particular case unless there has been an abuse of discretion." *Id.*

According to the State, by not objecting to the jury's use of the confessions during deliberations when the tapes were admitted as exhibits, the defendant failed to preserve his current claims. The defendant contends that his objection to the trial court providing a tape player to the jury is not untimely because, although he knew that the tapes would be submitted to the jury, there was no indication that a tape player would be provided to the jury for its use. According to the defendant, if the jury had requested a tape player, he would have objected. It follows, he argues, that by not notifying him that it was providing the jury with a tape player, the trial court effectively prevented him from making an objection and denied him an opportunity to be heard. We are not persuaded by the defendant's arguments.

When the tapes were admitted into evidence, the defendant's only objection was that the confessions were involuntary. Because it was impossible to listen to the tapes without a tape player, the defendant should have known that the jury would need this device to review the tapes to determine whether or not the confessions were voluntary. *See, e.g., State v. Zysk*, 123 N.H. 481, 487 (1983). Although he could have objected to the scope of the jury's access to the tapes once they were admitted or requested a jury instruction limiting the jury's consideration of them, the defendant failed to do so. *Cf. State v. Allison*, 127 N.H. 829, 830 (1986).

Furthermore, even if the defendant's objection were timely, we are not persuaded by his claim that the trial court abused its discretion by giving the jury unfettered access to the tapes without considering the effect that this access would have upon the jury. The tape player, by itself, did not add any evidentiary value to the case.

The jurors had already listened to the tapes during trial. When they listened again to the tapes with the tape player during deliberations, they were not presented with any evidence not offered at trial. *Cf. Brigham v. Hudson Motors, Inc.*, 118 N.H. 590, 592, 596 (1978) (during deliberations jury's experimentation with tools that were not admitted in evidence, but were used in courtroom to experiment on exhibits, did not justify mistrial).

In addition, the defendant cites no rule or statute in New Hampshire that prohibits or restricts the jury's access to recorded confessions during deliberations. Contrary to the defendant's assertions, we do not view a defendant's taped confession as testimonial evidence, but rather as a tangible exhibit which is *non-testimonial* in character. *See* 29 AM. JUR. 2D *Evidence* § 5 (1994) (testimony is evidence that comes to the court through live witnesses speaking under oath or affirmation in the court's presence). The presumption is, that as admitted exhibits, the confessions are available to the jurors to consider while deliberating, without limitation. *See, e.g., State v. Robinson*, 903 P.2d 1289, 1293-95 (Haw. 1995) (once properly admitted, defendant's taped confession was a non-testimonial tangible exhibit to which jury could have unlimited access); *cf. State v. Lainey*, 117 N.H. 592, 596 (1977). *See generally* Annotation, *Permitting Documents or Tape Recordings Containing Confessions of Guilt or Incriminating Admissions to be Taken into Jury Room in Criminal Case*, 37 A.L.R.3D 238 (1971); 2 J. STRONG, MCCORMICK ON EVIDENCE § 217, at 30 (5th ed. 1999) (noting that many courts permit the jury's review of a properly admitted, recorded confession because the confession's centrality to the case warrants whatever emphasis may result).

We are also not persuaded by the defendant's claim that the trial court, by providing the jury with a tape player, unfairly prejudiced his case before the jury. Although the jury had unlimited access to the taped confessions while deliberating, it does not follow, as the defendant asserts, that the jury unfairly focused upon this evidence. *Cf. State v. Brough*, 112 N.H. 182, 186 (1972). This is especially true where the jury listened to the tapes during the trial and may have needed to review them while considering the defendant's claim that the confessions were involuntary.

■ Once the tapes were admitted, the jury was entitled to use this evidence, consistent with the trial court's instructions, as it saw fit. Generally, in this State, the path a jury follows to a verdict and the evidence it considers while deliberating are not subject to the court's control. We therefore conclude that given the facts of this

case, the trial court did not abuse its discretion by denying the defendant's motion for a new trial.

Although not present in this case, we recognize that there is a potential for prejudice when the trial court provides the jury with non-evidentiary materials during deliberations without notifying counsel. We caution trial judges to advise counsel before they send anything into the jury room to assist the jury with deliberations that has not been discussed previously with counsel. *Cf. State v. Gould*, 144 N.H. 415, 418-19 (1999) (before jury is excused, all communications between the trial court and jury should occur on the record).

Any remaining issues raised in the notice of appeal but not briefed are deemed waived. *See State v. Mountjoy*, 142 N.H. 648, 652 (1998).

*Affirmed.*

THAYER, J., sat for oral argument but resigned prior to the final vote; BRODERICK, J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.