Hillsborough-southern judicial district
No. 2002-694

THE STATE OF NEW HAMPSHIRE

v.

DAVID R. MACDONALD

Argued: September 11, 2003
Opinion Issued: November 10, 2003

*Peter W. Heed,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*Barker & Goldsmith, L.L.P.,* of Nashua (*Kent M. Barker* on the brief and orally), for the defendant.

DUGGAN, J. The defendant, David R. MacDonald, was convicted after a jury trial in Superior Court (*Galway,* J.) of negligent homicide, *see* RSA 630:3, I (Supp. 2002), and leaving the scene of an accident, *see* RSA 264:25 (Supp. 2002). The sole issue raised on appeal is whether the trial court's inadvertent failure to send an exhibit to the jury during its deliberations violated the defendant's rights to due process and equal protection of the law. We affirm.

The record supports the following facts. The charges arose out of an incident on August 6, 2000, when the defendant saw Clint St. Onge and Carrieann MacDonald, the defendant's ex-wife, preparing to ride St.

Onge's motorcycle. After an exchange of unpleasantries between the defendant and his ex-wife, the defendant drove away. St. Onge and Ms. MacDonald then departed on the motorcycle along Mammoth Road in Pelham. Shortly thereafter, the defendant drove up behind them in close pursuit. To evade the defendant, St. Onge took a sharp left onto Marsh Road. The defendant followed, coming within a car length of the motorcycle. About a half-mile farther, with the defendant still close behind, St. Onge came to a sharp curve in the road. Fearful that the defendant would collide with him from behind, St. Onge did not brake. Both he and Ms. MacDonald were thrown from the motorcycle. Ms. MacDonald died as a result of her injuries. The defendant did not stop at the scene of the accident.

During direct examination at trial, St. Onge used a crude diagram of the intersection of Mammoth and Marsh Roads (Exhibit 19) to explain the relative positions of the car and motorcycle. Using a small model car and motorcycle, St. Onge showed how he went left around the corner and how the defendant cut in front of him so that the defendant's car was "closing in on the side of the bike[.]" On cross-examination, the defense used Exhibit 19 to suggest that the left-hand hairpin turn was so sharp that, even if the defendant had stayed behind St. Onge in making the turn, St. Onge might have thought the defendant was trying to cut him off. St. Onge answered that the defendant crossed the center line and came directly at the side of the motorcycle.

Three days after the trial, the trial judge learned that Exhibit 19, which had been drawn on an easel, had been left on the easel and not sent into the jury room along with the other exhibits. The defendant moved to set aside the verdict and for a new trial. The court held a hearing and denied the motions. In its order, the court said:

> Exhibit 19 was a very rough sketch of the intersection of Mammoth and Marsh Roads; at least a half mile before the scene of the crash, and which the jury saw on the view. It was used as a prop by the State to let St. Onge place a miniature car and a miniature motorcycle on it to demonstrate the location and direction of the vehicles at the intersection. The miniature vehicles were not marked as exhibits or provided to the jury. There are no markings on Exhibit 19 besides Mammoth and Marsh Roads, and the location of a stop sign. There was testimony regarding the activities in the intersection, but the Exhibit itself shows nothing, and adds nothing.

On appeal, the defendant urges us to adopt a *per se* rule that due process requires a new trial whenever an exhibit is erroneously excluded from jury deliberations. In the alternative, he argues that the error in this case was not harmless and prejudiced him. Finally, he argues that, because another judge in another county granted a new trial in an unrelated case when it was discovered that an exhibit had not been sent to the jury, he was denied equal protection of the law. We address each argument in turn.

It is common practice in the superior court for the jury to be given the exhibits for use during their deliberations. *See generally* C. DOUGLAS, NEW HAMPSHIRE EVIDENCE MANUAL §1.6, at 4-8 (4th ed. 2000). We are aware, however, of no authority, other than one dissenting opinion from a denial of certiorari, *see Ex parte Kolmetz*, 600 So. 2d 396 (Ala. 1992) (Kennedy, J., dissenting), to support the proposition that due process includes an absolute right to have all admitted evidence submitted to a jury during its deliberations and that even an inadvertent error in giving the jury all exhibits requires a new trial.

The settled rule is that: "The trial judge has wide discretion in deciding which items admitted into evidence are to be brought into the jury room during deliberations." *Hodgdon v. Frisbie Mem'l Hosp.*, 147 N.H. 286, 291 (2001).

In addition, the nature of some exhibits may make it impossible or imprudent to have the jury examine them. Nonetheless, the expectation of the litigants is that all exhibits admitted into evidence either will go into the jury room at the outset of deliberations, or be made available to the jury for inspection during deliberations. As the trial judge recognized, the inadvertent failure to provide the exhibit to the jury in this case constituted error.

In the context of a civil case, we have held that if there is error in allowing the jury to see an exhibit, we must determine whether any error was harmless. *Cf. id.* at 292. We see no reason not to apply a harmless error analysis in a criminal case when an exhibit is erroneously excluded from jury deliberations. Moreover, this approach is consistent with cases in other jurisdictions. *See, e.g., Kolmetz v. State*, 600 So. 2d 389, 391-92 (Ala. Crim. App. 1991); *Williams v. United States*, 665 A.2d 928, 929 (D.C. 1995); *State v. Lamure*, 846 P.2d 1070, 1077 (N.M. Ct. App. 1992), *cert. denied*, 845 P.2d 814 (N.M. 1993); *State v. Buckley*, 546 A.2d 798, 799 (Vt. 1988). We thus reject the defendant's invitation to adopt a *per se* rule of reversal.

In the alternative, the defendant argues that the error was not harmless and that he was prejudiced by the exclusion of Exhibit 19 from jury deliberations. The State has the burden of proving that error in the course of a criminal trial is harmless beyond a reasonable doubt. *State v. Thibedau*, 142 N.H. 325, 329 (1997). "In determining that an error was harmless, we consider, *inter alia*, whether the evidence was cumulative or inconsequential." *State v. Dorval*, 144 N.H. 455, 457 (1999).

■ Exhibit 19 was not a drawing of the crash scene. Rather, it was a sketch of an intersection a half-mile away from the scene of the fatal accident. Moreover, during the view, the jury was taken on a bus that followed the route that St. Onge and the defendant had taken. Another exhibit, a map of the town of Pelham, contained an accurate depiction of the intersection. When Exhibit 19 was used at trial, St. Onge used models of a car and motorcycle to demonstrate what happened at that intersection. The models were not introduced into evidence. Thus, even if the jury had Exhibit 19 during deliberations, it is difficult to see what value it would have been to them. Accordingly, because the exhibit was "cumulative or inconsequential," *id.*, its exclusion from deliberations was harmless beyond a reasonable doubt and in no way prejudiced the defendant.

Finally, the defendant points out that while his trial was proceeding in Nashua, a trial judge in Belknap County Superior Court learned after a guilty verdict in an unrelated habitual offender case that certain documents, which were exhibits, had not been sent into the jury during deliberations and set aside the guilty verdict. The defendant argues that the trial judge's failure to rule consistently with the Belknap County judge and set aside the verdict in his case denied him equal protection of the law. This novel constitutional claim finds no support in our case law and we reject it. *Cf. State v. Nadeau*, 126 N.H. 120, 124 (1985) ("No rule or case in this State binds a second judge to a previous trial judge's [] ruling.").

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.