**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0073, <u>State of New Hampshire v. Alan A. Kenison</u>, the court on September 17, 2018, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. Following a jury trial in Superior Court (<u>Bornstein</u>, J.), the defendant, Alan A. Kenison, was convicted of two counts of felonious sexual assault, <u>see</u> RSA 632-A:3, III (1986) (amended 2003), and eighteen counts of aggravated felonious sexual assault, <u>see</u> RSA 632-A:2, I(l) (1986) (amended 1992, 2003). The defendant argues on appeal that the trial court erred by: (1) replaying a recorded conversation between him and the victim during jury deliberations, despite ruling pretrial that the jury would hear the recording only once at trial; and (2) failing to <u>sua</u> <u>sponte</u> strike statements by the prosecutor during opening and closing arguments that allegedly "direct[ly] comment[ed] on [his] decision to not testify and invited the jury to draw an adverse inference against [him]" for exercising that right. We affirm.

I

The relevant facts follow. In August of 2015, the victim reported to authorities that the defendant sexually assaulted her on several occasions between 1989 and 1993, when she was under the age of thirteen. Following up on the report, the police received authorization for a one-party intercept, <u>see</u> RSA 570-A:7 (Supp. 2001) (amended 2015, 2017), and recorded a telephone conversation between the victim and the defendant in October of 2015. Due to the quality of the recording, what was said during this telephone conversation was the subject of conflicting characterizations by the prosecution and the defense at trial, as discussed more fully below. The defendant was subsequently indicted on the instant charges.

Prior to trial, the defendant moved to prohibit the recording from being provided to the jury during deliberations, arguing that giving jurors the opportunity to play the recording "over and over again" would be unfairly prejudicial. See <u>N.H. R. Ev.</u> 403. Ruling that the entire recording could be admitted and played at trial, the trial court nevertheless agreed with the defendant that the recording should not be provided to the jury during deliberations. In the trial court's view, the jury was entitled to "hear [the recording] once, just like they hear the [d]efendant's [or any other witnesses'] [trial] testimony," and providing the recording during deliberations would risk

the jury giving it "undue weight" as compared to other evidence.  But cf. State v. Dugas, 147 N.H. 62, 72 (2001) (finding no error, in relevant part, in providing deliberating jurors with admitted audiotapes of defendant's interviews with police because such tapes are not testimonial evidence, but rather "tangible exhibits," and, as with other admitted exhibits, the presumption is that recordings "are available to jurors to consider while deliberating, without limitation" (quotation omitted)).

On the first day of trial, the State admitted the recording through a police witness and it was played to the jury.  During a court recess later that day, the trial court informed counsel that a juror had asked one of the bailiffs: "[W]hen do I get to ask the judge a question about that one party intercept[?]"  The parties and the trial court concurred that the court would not respond to the inquiry, though the prosecutor noted: "When the tape was playing, it seemed like some of the jury was unable to hear it, so I expect we're going to have this question from a few people during deliberation."

The State presented the testimony of five witnesses in total, including that of the victim, before resting on the second day of trial.  The defendant thereafter neither testified, nor called any witnesses in his defense.  During the ensuing closing arguments, the prosecutor contended that, in the recording, the victim asked the defendant, "Are you sorry for molesting me?," to which he replied, "Of course, I'm truly sorry.  I never really meant for any of that to happen.  I was totally being selfish."  Defense counsel, by contrast, argued to the jury that the defendant told the victim, "I'm sorry, dear, I think it was somebody else; are you sure it wasn't somebody else?" and that, although the defendant apologized to the victim repeatedly in the recording, it was not for committing sexual assaults against her.

Shortly after retiring to deliberate, the jury sent three questions to the trial court, the second of which read: "Is there a written transcript of [the recording] or can we listen to the phone call again? (The majority of the jury did not hear most of [the defendant's] part of the conversation.)"  As a follow-up to the foregoing, the jury's third question inquired: "Can we have a reasoning [sic] for this if the answer is no?"  After hearing the prosecution's and defense's respective positions on the issue, the trial court took a brief recess to review with the parties this court's decision in State v. Reinholz, Case No. 2012-0605, 2014 WL 11621670, at *2 (N.H. Jan. 17, 2014) (3JX Order) (citing State v. Dugas, 147 N.H. at 72, and State v. Monroe, 146 N.H. 15, 17 (2001)).

Upon review, the prosecutor maintained that the recording should be submitted to the jury for review during the remainder of its deliberations.  Arguing against this course of action, defense counsel raised concerns that the jury may give the recording "undue weight" and play it repeatedly throughout deliberations.  Defense counsel further argued that "the evidence has been closed . . . [and] should remain closed," and that his trial strategy would have

2

been different if the trial court had ruled that the recording would be made available to the jury during deliberations.

The trial court noted that the jurors were entitled to hear the entire recording at least once, which, as reflected in the question, a majority had not, and moreover, "in retrospect, the State was probably entitled to have the [recording] admitted as a full exhibit" in light of Reinholz, Dugas, and Monroe. The trial court also acknowledged, however, that "[d]efense counsel understandably, crafted cross-examination and trial strategy, and closing argument based on the understanding and expectation that the [recording] was not going to be a full exhibit." Seeking to "strike a balance" between the competing considerations, the trial court ultimately opted to bring the deliberating jury back into the courtroom for a one-time replaying of the recording.

Prior to reconvening the jury, the trial court, at defense counsel's request, issued the following cautionary instruction to the jurors:

> The audio recording of the third-party intercept will be played for you in the courtroom one more time. You should not give this evidence any more weight or less weight than any other evidence merely because the audio-recording is being played for you a second time.

> You should consider this evidence along with all the evidence presented at trial and give all the evidence [the weight] you think it deserves.

After the recording was replayed in the courtroom, the jurors returned to the deliberation room and later returned guilty verdicts against the defendant on each of the 20 sexual assault charges before them.

II

On appeal, the defendant first argues that the trial court's decision to replay the recording during deliberations constituted an unsustainable exercise of discretion necessitating reversal of his convictions.

The determination of how to respond to a deliberating jury's question or request is a matter within the trial court's sound discretion, and the trial court's exercise of this discretionary power will not be cause for reversal unless there has been an unsustainable exercise of the discretion. See State v. Littlefield, 152 N.H. 331, 334 (2005). "To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case." Id. at 338 (quotation omitted).

According to the defendant, after ruling pretrial that the recording would be played only once, the trial court effectively "change[d] the rules of the game" by playing the recording a second time during deliberations. The defendant maintains that the court had no valid grounds to "reopen[] the case" and that its decision to admit "new evidence" on the prosecution's behalf when his counsel "was powerless to respond" was an unsustainable exercise of discretion.

By replaying the recording during deliberations, however, the trial court neither allowed the State to admit "new" evidence, nor to "reopen" evidence in the first instance. Rather, it merely permitted the jury to review a piece of evidence properly admitted at trial. Just as it was within the trial court's discretion to withhold the admitted recording from the jury room during deliberations, see State v. MacDonald, 150 N.H. 237, 239 (2003), it was also within the trial court's discretion to allow the deliberating jury to rehear the admitted recording in open court, see State v. Hughes, 691 S.E.2d 813, 826-27 (W. Va. 2010) (collecting cases); State v. Davidson, 509 S.W.3d 156, 203 (Tenn. 2016) (surveying cases from other jurisdictions, all of which "found no abuse of discretion by the trial court in allowing the jury to review or rehear recorded evidence in open court"); see also United States v. Muhlenbruch, 634 F.3d 987, 1001-02 (8th Cir. 2011) ("It is within the sound discretion of the trial court to determine whether to allow a jury to review properly admitted testimony or recordings during deliberations.").

Nor by doing so did the trial court "effectively change[]" its pretrial ruling regarding the recording, let alone change it to the prejudice of the defendant's trial strategy. Each juror was entitled, under that ruling, to hear the recording in its entirety one time. Due to the recording's quality, however, a majority of the jurors were deprived of that opportunity when it was played at trial. By replaying the recording during deliberations, therefore, the trial court did not "change" its pretrial ruling, but rather effectuated its ruling by ensuring that each juror heard the evidence he or she was entitled to hear. The court controlled the jurors' exposure and access to the recording by playing it once in the courtroom and, by issuing an appropriate limiting instruction, thus, safeguarding against potential misuse of or undue emphasis on the piece of evidence. See State v. Kuchman, 168 N.H. 779, 788 (2016) (jury is presumed to follow instructions). Thus, to the extent the defendant based his trial strategy on the trial court's pretrial ruling that the jury would hear the recording one time, we conclude that such strategy was left undisturbed by the second playing during deliberations.

The defendant's reliance upon this court's decision in State v. Demond-Surace, 162 N.H. 17 (2011), is misplaced. As the State observes, the prejudice to the defense strategy resulting in reversal in Demond-Surace was caused by the State's failure to abide by a pretrial ruling at trial and the trial court's subsequent failure to take any remedial action. Demond-Surace, 162 N.H. at 22-26. The facts are very different in this case. Accordingly, under the

4

circumstances presented, we cannot say that the trial court unsustainably exercised its discretion by replaying the recording during jury deliberations.

The defendant's other argument on appeal is that the trial court erred in failing to "sua sponte strike the repeated direct comments by the prosecutor on the defendant's exercise of his right to not testify." (Capitalization omitted.) Notwithstanding his failure to object to these comments at trial, the defendant contends that the "verdicts against [him] should not stand" given the trial court's failure to take action against these "unfair blow[s]" dealt by the prosecutor.

It is well-settled that a defendant's decision not to testify or present evidence in his own defense can provide no basis for adverse comment by the prosecutor. State v. Ellsworth, 151 N.H. 152, 155 (2004). Comment by a prosecutor that may be construed as an unfavorable reference to the failure of a defendant to testify is a violation of the defendant's constitutional right against self-incrimination. Id. Because the defendant did not object to the comments at issue, we review for plain error the trial court's failure to intervene sua sponte and instruct the jury to disregard the comments. See State v. Cooper, 168 N.H. 161, 167-71 (2015) (discussing and applying the plain error rule in the context of prosecutorial statements).

The defendant points to two comments by the prosecutor to support his challenge. The first came during opening statements when the prosecutor stated:

> Only two people know what really happened when [the victim] and the [d]efendant, Mr. Kenison, were alone. And you're going to hear from one of those people. You're going to hear from [the victim]. She's going to take the stand here and she's going to tell you the story of what happened to her when she was a child. She's a grown woman now, but she's going to tell you what happened 20 plus years ago.

The second came during the prosecutor's closing argument when he stated:

> [O]ne of the first things I said to you up here yesterday morning, was that bad things happen when no one is watching, and that's what this entire case is about, bad things that happened to [the victim], the woman that you saw take the stand today. Bad things happened to her when no one was around to see them. That's why we're here, so far down the road from when these things happened.
>
> Now there's only two people that can really say what happened in the room that night in [the victim's] house or when [the victim] was home alone with [the defendant] during the day after school, that's [the victim] and the [d]efendant.

5

When viewed in context, we find no error, much less plain error, in the court's failure to intervene in this case. United States v. Robinson, 485 U.S. 25, 33 (1988) (challenged prosecutorial comments must be evaluated in the context in which they are made). With regard to the prosecutor's comment during opening statements, we construe it not as a comment upon the defendant's decision not to testify, but as a preview to the jury concerning the live testimony it would hear at trial. Cf. State v. Ellsworth, 151 N.H. at 155 (concluding that a prosecutor's comment during closing argument that there was "one person" — the defendant — who knew "exactly how" the charged sexual assaults occurred and it was not the victim's "job to try and explain it" was an impermissible comment upon the defendant's failure to testify (quotation omitted)). Similarly, we do not construe the prosecutor's comment during closing argument as a comment on the defendant's silence, but rather as a response to defense counsel's suggestions during his closing argument that there would have been corroborating evidence of the sexual assaults — e.g., observation by the victim's mother, complaints of soreness, irritation, swelling, etc. by the victim, and/or forensic evidence — had they actually occurred. The State was attempting to refocus the jury's attention on its theme that only the victim and the defendant truly knew what happened between them.

To the extent the defendant contends the comments should be construed otherwise, "[a]s for whether a jury would naturally and necessarily construe a remark as a comment on the defendant's failure to testify, the question is not whether the jury possibly or even probably would view the challenged remark in this manner, but whether the jury necessarily would have done so." Cotton v. Cockrell, 343 F.3d 746, 751 (5th Cir. 2003) (quotation omitted). Given our construction above, we conclude that the jury would not have necessarily viewed these remarks as a comment on the defendant's silence. As such, the trial court could not have plainly erred by failing to intervene. State v. Cobb, 875 S.W.2d 533, 537 (Mo. 1994) ("[I]t is well settled that relief should be rarely granted on assertion of plain error to matters contained in closing argument, for trial strategy looms as an important consideration and such assertions are generally denied without explanation." (quotation and brackets omitted)).

All other issues raised in the defendant's notice of appeal but not addressed in his brief are deemed waived. See State v. Miller, 145 N.H. 667, 671 (2001).

Affirmed.

LYNN, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.

**Eileen Fox,**
**Clerk**

6