Coos
No. 85-284

THE STATE OF NEW HAMPSHIRE

v.

DEREK S. LAKIN

October 3, 1986

*Stephen E. Merrill*, attorney general (*T. David Plourde*, assistant attorney general, on the brief), by brief for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

The defendant appeals his conviction for aggravated felonious sexual assault committed upon a victim between thirteen and sixteen years of age. RSA 632-A:2, X (Supp. 1983). He claims that the Superior Court (*Dunfey*, C.J.) erred in denying a motion to quash the indictment for failure to allege the date of the offense with the specificity required by the fourteenth amendment of the Constitution of the United States and part I, article 15 of the Constitution of New Hampshire. We affirm.

The indictment alleged that the defendant performed the acts of sexual penetration "between May 1982 & February [1984]," a period entirely within the statute of limitations and before the victim's six-

teenth birthday. The defendant moved to quash the indictment on the ground that its failure to specify a more exact date violated the standard of due process expressed in *State v. Inselburg*, 114 N.H. 824, 330 A.2d 457 (1974), which held that the indictment must "inform the defendant of the offense for which he is charged with sufficient specificity so that he knows what he must be prepared to meet and so that he is protected from being put in jeopardy once again for the same offense." *Id.* at 827, 330 A.2d at 459. We conclude there was no such violation.

■■ The aggravated felonious sexual assault statute does not require proof of the exact date of the assault as an element. *State v. Boire*, 124 N.H. 622, 624, 474 A.2d 568, 569 (1984). A defendant therefore need only be informed that he must meet proof that he committed the assaultive acts at some time during a specified period. Where no defense is possible on the basis of the victim's age, or the statute of limitations, a defendant generally has no basis for complaining that the indictment fails to allege a precise date, absent a showing that the inexactness raises a possibility of prejudice specific to him. *See Commonwealth v. King*, 387 Mass. 464, 468–69, 441 N.E.2d 248, 250–51 (1982); *see also State v. Gingell*, 7 Ohio App. 3d 364, 368, 455 N.E.2d 1066, 1071 (1982); *Commonwealth v. Niemetz*, 422 A.2d 1369, 1373 (Pa. Super. 1981).

■ Nor does the breadth of the period alleged provide grounds to fear the possibility of double jeopardy. Courts may tailor double jeopardy protection to reflect the scope of the time period charged in an earlier prosecution. *See State v. St. Clair*, 418 A.2d 184, 189 (Me. 1980) (conviction or acquittal based on act occurring in a portion of time period alleged will bar later prosecution for same act during any part of the entire period).

The cases cited by the defendant as contrary authority are not in point. In *United States v. Abrams*, 539 F. Supp. 378, 384–86 (S.D.N.Y. 1982), the conviction was not reversed because of the breadth of the time allegation alone. In *State v. Drown*, 447 A.2d 466, 469 (Me. 1982), the court did not reach the issue.

*Affirmed.*