Carroll
No. 86-467

THE STATE OF NEW HAMPSHIRE

v.

JOHN W. HART

March 10, 1988

*Stephen E. Merrill,* attorney general (*Robert E. Dunn, Jr.,* attorney, on the brief and orally), for the State.

*Schroeder & McLetchie,* of Ossipee (*Erland C. L. McLetchie* on the brief and orally), for the defendant.

JOHNSON, J.   The defendant was certified as an habitual offender pursuant to RSA 262:18 on October 28, 1985, and was prohibited from using motor vehicles on public ways until 1989. On April 19, 1986, he was arrested for driving an off-highway recreational vehicle (OHRV) on a public way. The Trial Court (*Morrill,* J.) found a violation and sentenced the defendant to the mandatory one-year term of imprisonment. *See* RSA 262:23, I. The defendant appealed. We affirm.

The sole question presented for us on appeal is whether RSA 262:23, I, which prohibits an habitual offender from operating a motor vehicle on a public way, also prohibits him from operating an OHRV on a public way.

There is no dispute that the defendant had been certified as an habitual offender, that his driving privileges to operate a motor vehicle had not been restored, and that he was operating a Kawasaki motorcycle, designed to be used as an OHRV, on a public way at the time of his arrest.

We first look to RSA 259:60, I, which defines a motor vehicle as "[e]xcept where otherwise specified in this title, any self propelled vehicle not operated exclusively on stationary tracks . . . ." In *Dover Professional Fire Officers Association v. City of Dover,* 124 N.H. 165, 169, 470 A.2d 866, 868–69 (1983), we stated:

> "'In any case involving the interpretation of a statute, the starting point must be the language of the statute itself.' *State Employees' Ass'n of N.H. v. Bd. of Trustees,* 120 N.H. 272, 273, 415 A.2d 665, 666 (1980). The words and phrases of a statute should always be construed according to the common and approved usage of language. RSA 21:2. When the language of a statute is plain and unambiguous, 'we need not look beyond the statute itself for further indications of legislative intent.' *Silva v. Botsch,* 120 N.H. 600, 601, 420 A.2d 301, 302 (1980)."

The defendant argues that RSA 259:60 excludes an OHRV from the definition of a motor vehicle because it begins with the clause "[e]xcept where otherwise specified in this title." He asserts that since an OHRV is defined separately in RSA 259:69, it cannot be a motor vehicle. This argument produces an absurd result. For example, RSA 259:7 defines a bus, RSA 259:41 defines a heavy truck, RSA 259:50 defines a light truck, and RSA 259:80 defines a private passenger automobile. Yet each of these vehicles is clearly a motor vehicle under common and approved usage of language. "It is not to be presumed that the legislature would pass an act leading to an absurd result and nullifying to an appreciable extent the purpose of the statute." *State v. Kay*, 115 N.H. 696, 698, 350 A.2d 336, 338 (1975). We hold that a motor vehicle, as defined in RSA 259:60, I, includes an OHRV.

The defendant next contends that OHRV's are not motor vehicles because they are treated in RSA chapter 215-A, a separate title from Title XXI, MOTOR VEHICLES. This ignores that part of the definition of OHRV given in RSA 215-A:1, VI (Supp. 1987) which provides that: "[a]ll legally registered *motorized vehicles* when used for off-highway recreational purposes shall fall within the meaning of [the definition of 'off highway recreational vehicle']; provided that, when said *motor vehicle* is being used for transportation purposes only, it shall be deemed that said *motor vehicle* is not being used for recreational purposes." (Emphasis added.) It is clear that OHRV's are motor vehicles by statutory definition.

In addition, we have previously held that a regular motorcycle is a motor vehicle. *Fireman's Ins. Co. v. LaCroix*, 110 N.H. 335, 336, 266 A.2d 860, 862 (1970). In *Vaillancourt v. Concord General Mutual Insurance Co.*, 117 N.H. 48, 51, 369 A.2d 208, 210 (1977), we decided for insurance purposes that a snowmobile was a "motor vehicle" (defined then, as now, as "any self-propelled vehicle not operated exclusively upon stationary tracks . . . .").

The legislature has also spoken as to the need for an operator of an OHRV, on a public way, to possess an operator's license. RSA 215-A:28, I (Supp. 1987), provides as follows: "[T]he provisions of statutes relative to the operation of a motor vehicle[ ] shall apply to an OHRV being operated upon a public highway." This makes provisions of the motor vehicle laws, such as the requirement of a driver's license and the habitual offender prohibitions, applicable to operators of OHRV's on public ways. The only exception to this requirement is contained in RSA 215-A:29, II (Supp. 1987), which permits the unlicensed operator of a snow traveling vehicle or trail bike to pass "across" a public way "as directly as possible." This

exception is not applicable here because the arresting officer observed the defendant operating the OHRV along "the right-hand side of Route 302 headed towards North Conway" before he was stopped. The other exception is contained in RSA 215-A:9, VI (Supp. 1987), which provides for use of the highway right-of-way for 500 feet to load and unload an OHRV. In any event, the defendant did not argue below that he falls under either of these exceptions, and hence may not raise them on appeal.

We hold that the defendant's operation of his OHRV on a public way was proscribed by the habitual offender order and that he was properly convicted of violating the habitual offender statute. RSA 262:23.

*Affirmed.*

All concurred.