Merrimack
No. 88-343

# THE STATE OF NEW HAMPSHIRE

v.

# DONALD TYNAN

December 8, 1989

*John P. Arnold*, attorney general (*Cynthia L. White*, assistant attorney general, on the brief, and *Tina Schneider*, assistant attorney general, orally), for the State.

*Joanne Green* and *W. Kirk Abbott*, assistant appellate defenders, of Concord (*Ms. Green* on the brief, and *Mr. Abbott* orally), for the defendant.

## MEMORANDUM OPINION

BATCHELDER, J.   The defendant appeals his conviction, after a jury trial, for aggravated felonious sexual assault upon a victim less than thirteen years of age. RSA 632-A:2, XI. He contends that the Superior Court (*McHugh*, J.) denied him due process by refusing to grant his motion to dismiss for pre-indictment delay and that the court abused its discretion in only partially granting his motion for a bill of particulars with respect to the time frame in which the offense was alleged to have taken place. We affirm.

The victim was ten years old in 1981 when she visited the defendant's home in Pittsfield, from New York, under the auspices of the Fresh Air Fund, which arranges summer vacations in the country for inner-city children with host families. Her visit that summer lasted from July 23 to August 6. During the visit, the indictment alleged, the defendant "did . . . knowingly engage[ ] in sexual penetration with [the] female juvenile . . . who was then less than thirteen years of age, by causing his finger to intrude into the genital opening of the victim." The victim testified at trial that the incident occurred on approximately the third day of her stay. The indictment was obtained in December of 1986, more than five years after the assault occurred but entirely within the controlling statute of limitations. The victim did not reveal the incident until 1983, when she told her sister. She testified at trial that at the time of the assault the defendant threatened that she would go to "a home for bad girls," her mother would hate her and he would go to jail if she told any one what he had done. Later, in 1984, the defendant pleaded guilty to separate misdemeanor sexual assault charges involving his grandchildren. At the time he entered those pleas the evidence supporting the charge in this case was still largely undiscovered. The Merrimack County Attorney agreed with the defendant, before the pleas were entered, that the misdemeanor pleas would not bar the charge if the evidence eventually sustained a felony charge, as opposed to a misdemeanor charge. The defendant stated through his attorney that if he had done anything in regard to the victim, it would be classified as a misdemeanor, and not a felony.

The defendant moved to dismiss on the grounds of denial of due process because of the pre-indictment delay and to have the State narrow the two-week time frame alleged in the indictment. The

latter motion was renewed after the defendant filed a notice of alibi relating to a period of six days of the two-week time frame. The court, after considering the victim's testimony that the defendant had been gone from the household toward the end of her stay for about one week, and after considering the victim's young age at the time of the incident, narrowed the period of time in the indictment, not by one week as the defendant argues should have been done, but by three days. This resulted in a time frame from July 23 to August 3, rather than to August 6. The court also denied the motion to dismiss, finding that the pre-indictment delay caused no prejudice to the defense. Because we also find no prejudice, and because the trial judge did not abuse his discretion in only partially granting the motion for a bill of particulars, we affirm.

"The applicable statute of limitations provides 'the primary guarantee against bringing overly stale criminal charges.'" *State v. Varagianis,* 128 N.H. 226, 228, 512 A.2d 1117, 1119 (1986) (citations omitted). The defendant has not shown that any actual prejudice resulted from the delay, making it unnecessary for us to consider whether such prejudice outweighed the reasonableness of the delay. *See id.* He argues, to no avail, that the delay prejudiced his defense by depriving him of the possibility of having his sentence for this charge served concurrently with sentences he received after pleading guilty to the two misdemeanor sexual assault charges. These pleas, as we have already discussed, were entered after the defendant learned of and discussed this charge with his attorney and the prosecutor. Loss of an opportunity for concurrent sentencing is, however, mere speculation and assuming, *arguendo,* it were not, the defendant undertook the risk of just such a loss when he entered into a plea bargain under which the instant charge would be barred only if it eventually turned into one for a misdemeanor.

The defendant also fails to support his claim with the assertion that the loss of two non-family-member witnesses, another Fresh Air Fund child and a man painting the defendant's house during the summer of 1981, and the loss of the previously accurate memory of another family-member witness, the defendant's wife, prejudiced him. He offers no evidence as to what the two non-family-members' testimony would be nor how it would exculpate him. As for the dimming of the other witness' memory, without more this is clearly insufficient to show actual prejudice. *Varagianis, supra* at 228–29, 512 A.2d at 1119 (citations omitted). Furthermore, this dimming of memory, in conjunction with the

defendant's other insufficient evidence, still does not show actual prejudice. *See id.*

The defendant's contention that the court abused its discretion in only partially granting his motion for a bill of particulars is similarly without merit. The exact date of the assault is not an element of the aggravated felonious sexual assault crime. RSA 632-A:2, XI; *State v. Lakin*, 128 N.H. 639, 640, 517 A.2d 846, 847 (1986). "Where no defense is possible on the basis of the victim's age, or the statute of limitations, a defendant generally has no basis for complaining that the indictment fails to allege a precise date, absent a showing that the inexactness raises a possibility of prejudice specific to him." *Id.* (citations omitted). The defendant's alibi defense was not prejudiced by the court's ruling. During trial the victim testified that the charged offense occurred during the third day of her visit. The defendant had the opportunity to present his alibi evidence as to that date.

Moreover, where the indictment was otherwise legally sufficient, the decision whether to grant the defendant's motion was entirely within the trial court's discretion. 2 C. TORCIA, WHARTON'S CRIMINAL PROCEDURE § 355 (12th ed. 1975). The defendant has not shown that the court's ruling was "clearly untenable or unreasonable to the prejudice of his case." *See State v. Hotchkiss*, 129 N.H. 260, 264, 525 A.2d 270, 272 (1987) (quoting *State v. Whitney*, 125 N.H. 636, 639, 484 A.2d 1158, 1160 (1984)). Considering the fact that the victim was only ten years old at the time of the offense and that because of the defendant's threats she did not come forward about the assault until two years after it occurred, when her memory was less precise, the court properly declined to hold the victim exactly to her testimony that the defendant was absent from the household during the entire last week of her visit. *See Cunningham v. State*, 683 P.2d 500 (Nev.), *cert. denied*, 469 U.S. 935 (1984).

*Affirmed.*

All concurred.