Belknap
No. 91-145

### THE STATE OF NEW HAMPSHIRE

v.

### LEE DEMOND

October 14, 1992

*John P. Arnold*, attorney general (*Charles T. Giacopelli*, attorney, on the brief), by brief for the State.

*W. Kirk Abbott, Jr.*, assistant appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J.   The defendant, Lee Demond, was convicted of aggravated felonious sexual assault, RSA 632-A:2, X(b) (Supp. 1991), after a jury trial in Superior Court (*O'Neil*, J.). On appeal, he argues that the Trial Court (*Murphy*, J.) abused its discretion in denying his motion for a bill of particulars. We affirm.

The defendant contends that he was entitled to a bill of particulars because he was charged with a course of conduct involving three

different types of penetration over a period of time. The indictment alleged, in pertinent part, that "between April 1, 1989 and January 31, 1990" the defendant

> "did knowingly engage in a course of conduct of sexual penetration with a person, not his legal spouse, who was thirteen (13) years of age or older and under sixteen (16) years of age and was related to the other person by blood; in that, Lee Demond did engage in sexual intercourse, by putting his penis into the vagina, cunnilingus and digital penetration, by placing his finger into the vagina, with a female juvenile . . . , said female juvenile being his daughter . . . ."

The defendant moved for a bill of particulars, arguing "that the defendant [must] know to a more exacting time, when said alleged conduct happened in order to prepare a proper defense." No record exists of a hearing, if one occurred, on the motion, which the trial court denied.

"The exact date of the assault is not an element of the aggravated felonious sexual assault crime." *State v. Tynan*, 132 N.H. 461, 464, 566 A.2d 1142, 1143 (1989). "Where no defense is possible on the basis of the victim's age, or the statute of limitations, a defendant generally has no basis for complaining that the indictment fails to allege a precise date, absent a showing that the inexactness raises a possibility of prejudice specific to him." *State v. Lakin*, 128 N.H. 639, 640, 517 A.2d 846, 847 (1986).

The defendant, in his motion, made no specific claim of need for the exact date in order to avoid prejudice, nor does he on appeal. He asserted below only a generalized need for "a more exacting time . . . in order to prepare a proper defense." This does not meet the requisite "showing that the inexactness raises a possibility of prejudice specific to him." *Id.*

The defendant in his brief also argues that an allegation of the exact date was necessary in order to protect him against double jeopardy arising from a future prosecution. Nothing in his motion for a bill of particulars, however, mentions a double jeopardy concern. If more was presented to the trial court at a hearing on his motion, it has not come before us. "The defendant's burden in this court is to provide us with a record upon which relief may be granted." *State v. Hale*, 136 N.H. 42, 46, 611 A.2d 630, 632 (1992). Not having demonstrated that he raised this issue below, the defendant is precluded from obtaining appellate review. *See Reynolds v. Cunningham*, 131 N.H. 312, 314–15, 556 A.2d 300, 302 (1988).

■■ The decision whether to grant a motion for a bill of particulars lies within the sound discretion of the trial court. *Tynan*, 132 N.H. at 464, 566 A.2d at 1144. Only if a defendant can show that the court's ruling was "clearly untenable or unreasonable to the prejudice of his case," *id.* (quotation omitted), will we find an abuse of discretion. Our review of the trial record leads us to conclude that no such abuse occurred.

*Affirmed.*

All concurred.