Hillsborough
No. 92-264

## THE STATE OF NEW HAMPSHIRE

v.

## CHRISTOPHER VOORHEES

November 4, 1993

*Jeffrey R. Howard*, attorney general (*John A. Stephen*, assistant attorney general, on the brief), by brief for the State.

*Timothy M. Landry*, assistant appellate defender, of Concord, by brief for the defendant.

JOHNSON, J.   The defendant, Christopher C. Voorhees, appeals the Superior Court's (*Hampsey*, J.) decision denying his motion for a bill of particulars requesting the date and time of the alleged crime. He contends that the trial court abused its discretion and prejudiced the preparation of his alibi defense. Finding no prejudice, we affirm.

Voorhees was indicted for driving a motor vehicle "on or about March 4, 1990," after having been certified as an habitual offender. He was charged with the offense on March 26, 1990, while in custody on other charges. Prior to the trial, Voorhees notified the court of an alibi defense and requested a bill of particulars as to the date and time of the offense. The court denied the motion. Voorhees was convicted after a jury trial.

At the trial, Frank Beliveau, Hillsboro chief of police, testified (as he had previously at a deposition) that he saw Voorhees driving a maroon Chevy Chevette on March 4, 1990, at Najib's, a convenience

store, in the town of Hillsboro at approximately 10:00 a.m. Beliveau was off duty when he saw Voorhees, with whom he was familiar, and had a brief conversation with him. Beliveau did not run a motor vehicle check on Voorhees until March 27, 1990, because he had been on vacation for two weeks. Officer Edward Lavigne testified that on March 26, 1990, when Voorhees was arrested on unrelated misdemeanors, Voorhees confessed that he had been driving the maroon Chevette at Najib's on the day Beliveau saw him and admitted to conversing with Chief Beliveau. According to Lavigne, Voorhees also said he knew that he was an habitual offender and that he should not have been driving.

Voorhees presented an alibi defense through several witnesses who each testified that he was in locations other than Najib's on March 4, 1990, at 10:00 a.m. He attempted to corroborate their testimony with documented proof that he was skiing at Crotched Mountain. The judge, at the defendant's request, instructed the jury that Voorhees could not be found guilty unless the State proved beyond a reasonable doubt that he was in Hillsboro where the indictment alleged that the crime occurred on March 4, 1990. The jury returned a verdict of guilty.

On appeal, Voorhees argues that the trial court erred in not granting his motion for a bill of particulars. Acknowledging that the State may not be required to furnish a bill of particulars unless necessary for the preparation of a defense, *State v. Boire*, 124 N.H. 622, 624, 474 A.2d 568, 569 (1984), Voorhees contends that a particular date and time was essential because his alibi would be defeated if the State chose to amend the date stated in the indictment. Voorhees further argues that he demonstrated a "factual basis for his allegation of prejudice . . . ." *State v. Steer*, 128 N.H. 490, 494, 517 A.2d 797, 800 (1986). Voorhees contends that the trial court's refusal to require the State to provide an exact date and time of the offense undermined his alibi defense.

The State argues that the trial court did not abuse its discretion in denying Voorhees' motion for a bill of particulars. The State argues that the elements of the offense do not include the exact date and time. *See* RSA 262:23. The State further contends that the defendant was able to prepare an alibi defense as to the exact date and time of the crime as alleged by the State, and therefore no prejudice was suffered. *See State v. Tynan*, 132 N.H. 461, 464, 566 A.2d 1142, 1143–44 (1989). In short, the State insists that a bill of particulars would not have given Voorhees an opportunity to prepare a defense any different than that presented at trial.

■■ Our standard of review is as follows: The defendant must show that the court's ruling was "clearly untenable or unreasonable to the prejudice of his case" before it will be reversed as an abuse of discretion. *State v. Demond*, 136 N.H. 233, 235, 614 A.2d 1342, 1343 (1992) (quotation omitted). The trial court's decision whether to grant a motion for a bill of particulars lies within its sound discretion. *Id.*

■ Assuming, *arguendo*, that the trial court abused its discretion, we hold that the defendant failed to show that the trial court's ruling prejudiced him. In *Tynan*, we held that where the exact date of the assault is not an element of the crime, the defendant must show that the inexactness raises a possibility of prejudice specific to him in order to obtain relief. *Tynan*, 132 N.H. at 464, 566 A.2d at 1144. The defendant's alibi defense in *Tynan* was not prejudiced by the court's denial of a bill of particulars as to the exact date of the sexual assault because at trial the victim testified that the charged offense occurred on a precise day, and the defendant had the opportunity to present alibi evidence as to that particular day. *See id.*

The case at hand is analogous to *Tynan*. At trial, both parties apparently assumed that a conviction required proof that the alleged crime occurred on March 4, 1990, and presented their cases accordingly. The State's witness, Officer Beliveau, testified to having seen Voorhees on March 4, 1990, at approximately 10:00 a.m., and Voorhees presented his alibi defense of several witnesses as to that specific date and time. The opening statements of both the State and Voorhees focused on March 4, and that specific date was mentioned throughout both closing arguments as well. The jury was instructed that, before finding Voorhees guilty, it had to find beyond a reasonable doubt that he was in Hillsboro at Najib's on March 4, 1990.

Considering that the denial of a bill of particulars did not preclude Voorhees from preparing his line of defense and presenting evidence at trial as if his motion had been granted, we hold that Voorhees' claim of prejudice is without merit. Voorhees did not demonstrate how his trial preparation would have differed if the motion had been granted. Since no actual prejudice was shown by Voorhees to have resulted from the trial court's denial of his motion for a bill of particulars, we affirm the conviction.

*Affirmed.*

All concurred.