Hillsborough-northern judicial district
No. 93-504

THE STATE OF NEW HAMPSHIRE

v.

JAY CROOKER

December 19, 1994

*Jeffrey R. Howard*, attorney general (*John C. Kissinger*, assistant attorney general, on the brief and orally), for the State.

*Judith M. Kasper* and *David M. Rothstein*, assistant appellate defenders, of Concord (*Ms. Kasper* on the brief, and *Mr. Rothstein* orally), for the defendant.

HORTON, J. The defendant, Jay Crooker, was convicted on two counts of aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1993), following a jury trial in Superior Court (*Hollman,* J.). On appeal, the defendant argues that the trial court erred by permitting the State to amend its bill of particulars four days before the trial in violation of his right to due process under the State and Federal Constitutions. We affirm.

The defendant was indicted on two counts of aggravated felonious sexual assault in November 1990. The first count alleged that the defendant committed fellatio on the minor victim between July and October 1990. The second count alleged that the defendant committed digital anal penetration on the minor victim between July and September 1990.

In December 1990, the defendant filed a motion for bill of particulars which sought specification of the date, time and location of the offenses. The court granted the defendant's motion to the extent that the complainant was able to recall with more particularity the date or occasion of the alleged assault. In May 1991, the State submitted a bill of particulars which stated that the incident of fellatio occurred on October 19, 1990. On April 14, 1993, approximately two years after filing the bill of particulars and only four days before trial, the State moved to amend the bill of particulars. The Court (*Hollman,* J.) granted the motion, which expanded the time period for the alleged incident of fellatio from a single day, October 19, 1990, to a period of nineteen days, October 1 through 19, 1990. The defendant objected to the State's motion but did not seek a continuance of the trial.

The defendant argues that he was denied his right to due process under the State and Federal Constitutions when the trial court permitted the State to amend the bill of particulars only four days before trial. In deciding this case, we first look to our own State Constitution, and then if necessary to the Federal Constitution to determine whether it provides the defendant greater protection, *State v. Ball,* 124 N.H. 226, 232, 471 A.2d 347, 351 (1983), citing decisions of federal courts and courts of other jurisdictions when helpful in analyzing and deciding the State issue. *State v. Maya,* 126 N.H. 590, 594, 493 A.2d 1139, 1143 (1985). Because federal law is not more favorable to the defendant in this case, *see In re Tracy M.,* 137 N.H. 119, 122, 624 A.2d 963, 965 (1993); *see also United States v. Johnson,* 575 F.2d 1347, 1357 (5th Cir. 1978), *cert. denied,* 440 U.S. 907 (1979), we make no separate federal analysis. *Maya,* 126 N.H. at 594, 493 A.2d at 1143.

A bill of particulars may be amended at any time, *see State v. Allison,* 134 N.H. 550, 554, 595 A.2d 1089, 1091 (1991), and the amendment may expand the scope of the issues for trial. *Id.* at 555, 595

A.2d at 1092. The determinative factor in allowing the State to amend the bill of particulars is whether the amendment will prejudice the defendant. *Taylor v. State*, 444 So. 2d 931, 935 (Fla. 1983); *see also State v. Voorhees*, 137 N.H. 650, 652, 632 A.2d 825, 826 (1993) (denial of motion for bill of particulars reversed only if clearly untenable or unreasonable to the prejudice of defendant's case). Because one purpose of the bill of particulars is to enable the defendant to prepare an intelligent defense, *State v. Allison*, 134 N.H. at 554, 595 A.2d at 1091, the timing of the amendment and the extent thereof may entitle the defendant to a continuance to prevent any prejudice. *Id.* at 555, 595 A.2d at 1092.

■ The defendant argues that he was prejudiced by the amendment of the bill of particulars. Specifically, he asserts that the investigation and discovery by the defense was severely hampered because two years had passed since the time of the alleged offense. The mere passage of time, however, does not rise to the level of actual prejudice required for a reversal. The defendant also asserts that the four-day period between the amendment and trial was not enough time to prepare adequately a new defense in response to the amendment. While having only four days to prepare a new defense in response to the amended bill of particulars might have been prejudicial, the defendant could have prevented any prejudice by requesting a continuance. When a defendant does not request a continuance, his claim of prejudice due solely to the timing of the amendment must fail. *Gitman v. State*, 482 So. 2d 367, 372 (Fla. App. 1985). Because the defendant has shown no prejudice, we affirm.

*Affirmed.*

All concurred.