Strafford
No. 96-381

### THE STATE OF NEW HAMPSHIRE

v.

### JASON SEYMOUR

February 27, 1998

*Philip T. McLaughlin*, attorney general (*Cynthia L. White*, senior assistant attorney general, on the brief and orally), for the State.

*Donald E. Bisson*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

BRODERICK, J. After a jury trial in Superior Court (*Fitzgerald*, J.), the defendant, Jason Seymour, was convicted of aggravated felonious sexual assault. *See* RSA 632-A:2 (1996). On appeal, he argues that the trial court erred in refusing to give the jury either a time-based defense instruction under *State v. Williams*, 137 N.H. 343, 629 A.2d 83 (1993), (*Williams* instruction) or an alibi instruction. We affirm.

The defendant was indicted for an aggravated felonious sexual assault that occurred "on or about" May 2, 1995. He timely filed a notice of alibi, claiming that he was in Mohawk, New York, at the time of the charged assault.

At trial, the State presented the following evidence. The defendant had a brief relationship with the victim's mother and lived with her and her two children at their apartment in Rochester, New

Hampshire, for a couple of months in 1995. The defendant often babysat the six-year-old victim and her younger brother. The victim testified that the defendant babysat her after school on "Jump Rope for Heart Day," a fund-raising event for the American Heart Association, and assaulted her. A school employee testified that the fund-raising event occurred on May 2, 1995.

Defense witnesses testified that the defendant arrived in Mohawk, New York, on April 28 or 29, and left to return to New Hampshire on the evening of May 2. On cross-examination, the prosecution challenged the recollection of the defense witnesses as to whether the defendant returned to New Hampshire on May 1 or May 2.

At the close of the evidence, defense counsel submitted an alibi instruction, among others. The trial court questioned the propriety of the alibi instruction on the apparent basis that the date of the alleged assault was not an element of the offense because the defendant had not requested and secured a bill of particulars. Counsel moved for a bill of particulars, which the trial court denied. A request for a *Williams* instruction followed, and it, too, was denied. The court reasoned that "on or about" May 2, 1995, did not constitute a "time frame" under *Williams* and that the defendant failed to demonstrate a "lack of opportunity" to commit the assault, assuming a time frame was alleged. *See Williams*, 137 N.H. at 346, 629 A.2d at 85. This appeal followed.

In assessing the defendant's appeal, we are mindful that "[t]he trial court has discretion to determine whether or not a particular instruction is necessary to assist the jury in reaching a verdict." *State v. Dedrick*, 135 N.H. 502, 505, 607 A.2d 127, 129 (1992). A trial court's denial of a proposed jury instruction is reviewed in the context of the entire charge and all of the evidence presented at trial. *Id.*

■ As a general rule, "[t]he exact date of [an] assault is not an element of aggravated felonious sexual assault," *State v. Demond*, 136 N.H. 233, 234, 614 A.2d 1342, 1342-43 (1992) (quotation omitted), and the State is not required to prove that an assault occurred at the time alleged in the indictment, *see State v. Stearns*, 130 N.H. 475, 489, 547 A.2d 672, 680 (1988). Rather, the State must only prove that the crime occurred before the indictment was returned and within the statute of limitations. *State v. Perkins*, 70 N.H. 330, 332, 47 A. 268, 269 (1900).

■ There are, however, two exceptions to the general rule. First, if the State furnishes a bill of particulars that identifies a specific date or time frame for the charged offense, then it must prove the

temporal detail beyond a reasonable doubt. *State v. Boire,* 124 N.H. 622, 624-25, 474 A.2d 568, 569-70 (1984). Second, if the State alleges the crime occurred within a time frame in the indictment or complaint and the defendant asserts a lack of opportunity defense for the entire period, then the State must establish the time frame as part of its proof. *Williams,* 137 N.H. at 346, 629 A.2d at 85. The defendant does not challenge the trial court's denial of his motion for a bill of particulars; accordingly, we address whether the trial court erred in refusing to give a *Williams* instruction.

■ The defendant argues that he was entitled to a *Williams* instruction because the State alleged a time frame in the indictment. Because we hold that the indictment did not allege a *Williams* time frame, the trial court did not err in refusing to give the requested instruction.

We interpret *Williams* to apply only when an indictment brackets criminal conduct within an extended time period, and a defendant asserts lack of opportunity to commit the crime. *See id.* We created the *Williams* exception to strike a balance between the difficulties the State encounters "in fixing a precise date for a sexual assault, particularly when the victim is a young child who cannot easily relate the time of the offense to school vacations or other outside events," and the burden an extended time frame imposes on a defendant in preparing a defense because "persons can rarely find alibi witnesses for each day of a long time period." *Id.*

■ In *Williams,* the defendant was charged with sexually assaulting a child while babysitting him "between January 1, 1988 and December 31, 1989." *Id.* at 345, 629 A.2d at 84. The defendant presented evidence establishing that he was last alone with the child in December 1987. *Id.* at 347, 629 A.2d at 85-86. Because of the extended time period asserted in the indictment and the defendant's claim that he lacked opportunity to assault the victim during that period, we held that it was the State's burden to prove the assault occurred during the two-year period alleged. *Id.* at 346, 629 A.2d at 85. Here, however, the State did not charge the defendant with committing an assault during an extended period of time, but rather asserted that he sexually assaulted the young victim "on or about" May 2, 1995. Such a narrow focus did not interfere with the defendant's ability to establish an alibi defense, *see State v. Fennell,* 133 N.H. 402, 411, 578 A.2d 329, 334 (1990), and thus the concerns underlying *Williams* are not implicated. *See Williams,* 137 N.H. at 346, 629 A.2d at 85. Accordingly, a *Williams* instruction was not required because the indictment did not allege a time frame.

■ The defendant also asserts that the trial court committed reversible error in refusing to give the requested model alibi instruction because his alibi defense was supported by "some evidence." *State v. Plante*, 134 N.H. 456, 460, 594 A.2d 1279, 1282 (1991) (requested charge on theory of insanity defense must be given if theory supported by some evidence). Unlike a *Williams* instruction, the alibi instruction requested by the defendant does not require the State to prove that the assault occurred within a particular time frame. The instruction, instead, underscores the defendant's claim that he was not present when the crime was committed and the State's burden to prove his presence. *See* N.H. CRIMINAL JURY INSTRUCTIONS 3.02 (1985).

A specific, contemporaneous objection to the trial court's refusal to give a particular jury instruction is necessary to preserve the issue for appellate review. *State v. Davis*, 139 N.H. 185, 192-93, 650 A.2d 1386, 1390 (1994). This requirement "affords the trial court an opportunity to correct an error it may have made and is particularly appropriate where an alleged error involves a jury instruction." *State v. Eldredge*, 135 N.H. 562, 564, 607 A.2d 617, 618 (1992) (quotation omitted).

At the close of the evidence, the trial court and defense counsel first discussed the propriety of an alibi instruction. Their colloquy reveals that they both erroneously believed that an alibi instruction imposed a burden on the State to prove that the assault occurred on a specific date or within a particular time frame.

| | |
|---|---|
| THE COURT: | I've got to raise one thing that I am troubled by, and that's alibi. The charge in this case is on or about. There's no request for a bill of particulars. How do I charge alibi? |
| [DEFENSE COUNSEL]: | Well, Your Honor, at this point I would say that all the evidence that's come in, there's been no evidence of on or about. It's been evidence of May 2nd. The prosecution brought that out in their own case, that it's only May 2nd. |
| THE COURT: | I understand that. That doesn't necessarily convert it |

|  |  |
|---|---|
|  | to where the charge is on or about, doesn't convert it to an element of the offense. |
| [DEFENSE COUNSEL]: | Well, then I suppose, Your Honor, at this point I'd move for a bill of particulars given the fact that the State has presented no evidence. |
| [THE STATE]: | Now, you know, Judge, we went in front of the Court before when [defense counsel] had opportunity to do that so she could have taken advantage of it and she decided not to do that because I as[s]ume she felt there was more advantage in not doing it. To try and change the burden of proof at this point where she had an opportunity to do it before is unfair to the State. |
| THE COURT: | I'm not going to grant a bill of particulars at this juncture. |
| [DEFENSE COUNSEL]: | All right, then, Your Honor, I would ask for an instruction under State vs. Williams case, and I can give you the cite. We have raised — |
| THE COURT: | What's the time frame? |

The exchange continued with defense counsel asserting an entitlement to a *Williams* instruction and concluded with the court denying the request.

Assuming without deciding that a defendant may under certain circumstances be entitled to an alibi instruction, it is readily apparent from the record that the trial court had misgivings about its propriety absent a bill of particulars. To the extent the court believed that an alibi instruction could only be given in circumstances where the burden was on the State to prove the assault occurred on a specific date or during a particular time frame, this was error. When confronted with this misinterpretation, however,

defense counsel made no effort to explain the lawful basis for an alibi instruction in order to allow the court to correct its error. Rather, the defendant abandoned his requested alibi instruction and affirmed the trial court's misperception that he sought to burden the State with the obligation to prove that the assault occurred on a specific date or within a particular time frame.

■ Moreover, after instructing the jury, the trial court gave counsel the opportunity to record their objections. Defense counsel merely explained why a bill of particulars was not previously sought. Counsel again failed to remedy the trial court's mischaracterization of the requested alibi instruction when it voiced its reasoning that "absent filing a bill of particulars the date is not an element of the offense" and "[the charge or evidence] does not rise to . . . a Williams type time frame . . . [or] time based defense sufficient to justify the Williams charge." Preservation requires that the defendant make a *specific* objection to provide the trial court an opportunity to correct any error it may have made, *see Davis*, 139 N.H. at 192-93, 650 A.2d at 1390; *Eldredge*, 135 N.H. at 564, 607 A.2d at 618, and does not enable "counsel [to] comb the record on a treasure hunt for issues never properly brought before the trial judge." *State v. Josselin*, 119 N.H. 936, 937, 409 A.2d 1336, 1336 (1979) (quotation omitted).

Accordingly, we hold that the defendant's claim that the trial court erred in failing to give an alibi instruction was waived.

*Affirmed.*

All concurred.